IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD L. HUBER, WILLIAM J. AIRGOOD,
ANTHONY DEFABBO, JOHN DINIO,
ERNEST GISHNOCK, JOHN BIDLENCSIK,
HILMA MULLINS and WILLIAM DEEM,
individually and on behalf of those similarly
situated,

       Plaintiffs,                               02cv304

  v.

ROBERT G. TAYLOR, II, ROBERT G.
TAYLOR, II, P.C., CLETUS P. ERNSTER,
III, GEORGE E. CIRE, JR., TAYLOR &
CIRE, TAYLOR & ERNSTER, P.C.,
ROBERT A. PRITCHARD, CHRISTOPHER
FITZGERALD, LAW OFFICES OF
ROBERT A. PRITCHARD, PRITCHARD
LAW FIRM, PLLC, JOSEPH B. COX, JR.,
JOSEPH B. COX, JR., P.C., COX AND
COX, L.L.P., J. ROBERT DAVIS, JR., and
TAYLOR, DAVIS & ERNSTER, P.C.,

       Defendants.

## MEMORANDUM ORDER

    I.      Introduction

This breach of fiduciary duty case, which has a lengthy procedural and factual history,[1] centers around allegations by plaintiffs, who were asbestos litigants from Pennsylvania, Indiana and Ohio, who received settlements in class action litigation pending in Mississippi. All eight plaintiffs were exposed to asbestos during their work, but none have developed malignant

---

[1] To date, there are 359 docket entries and the docket sheet is over 72 pages in length. The background of the case has been fully explained in this Court's Memorandum Opinion of February 7, 2005 (doc. no. 279) and by the United States Court of Appeals for the Third Circuit, *Huber v. Taylor*, 467 F.3d 67 (3d Cir. 2006), and need not be repeated in its entirety herein.

asbestos-related disease.

Plaintiffs signed contingent fee agreements with several non-party local attorneys from their respective home states, who had previously entered into co-counsel agreements with Robert G. Taylor, II, a Texas attorney, who, in turn, entered into "upstream co-counsel arrangements" with several attorneys, the other defendants, who were lead counsel in asbestos class action litigation primarily pending in Texas and Mississippi (collectively referred to as "Lead Counsel" or simply "defendants"). Plaintiffs allege that Lead Counsel breached fiduciary duties owed to them by, among other things, the failure of the non-party local attorneys to adequately disclose certain information surrounding settlement of their asbestos claims.

## II. Procedural History

The civil complaint was filed in this case in February of 2002 - - over seven (7) years ago, and was originally assigned to the Honorable Donald J. Lee. On June 6, 2003, upon the retirement of Judge Lee, the undersigned was assigned this case. Upon reassignment, the Court promptly held an Initial Case Management Conference. (Doc. no. 101). The Court thereafter appointed Special Master, and former Chief Judge of the United States District Court for the Western District of Pennsylvania, Donald E. Ziegler, to resolve discovery disputes, of which there were several, and Judge Ziegler attempted (unsuccessfully) on more than one occasion, to settle this case. (Doc. No. 107).

The parties embarked on several months of motions practice too numerous to recount before Judge Ziegler, one of which included a Petition for Writ of Mandamus, which was ultimately denied by the United States Court of Appeals for the Third Circuit. (Doc. No. 214). During this time period, this Court permitted several amendments to the complaint, and

2

numerous changes of attorneys by both parties.

Then, on May 3, 2004, this Court entered a Memorandum Opinion and Order denying plaintiffs' motion for class certification. (Doc. Nos. 202 and 203).

After exhaustive briefings, on February 7, 2005, this Court granted summary judgment in favor of defendants and against plaintiffs, and closed the case. (Doc. Nos. 279 and 280). Plaintiffs thereafter filed a Notice of Appeal. (Doc. No. 282). Then, on October 31, 2006, the United States of Appeals for the Third Circuit vacated this Court's Opinion and Order on Summary Judgment, and its denial of class certification, and remanded for further proceedings. (Doc. No. 289).

In complying with the mandate of the Court of Appeals for the Third Circuit, this Court set another status conference, which culminated in another round of dispositive motions filed by defendants, including a motion to dismiss for lack of subject matter jurisdiction, a motion to dismiss for failure to join indispensable parties, a motion for summary judgment, a motion for class certification, and a motion for leave to file a third amended complaint (filed by plaintiffs). (Doc. Nos. 310, 311, 312, 320 and 323). On April 27, 2007, this Court issued a 47 page opinion granting defendants' motion to dismiss for want of diversity jurisdiction, granting defendants' motion to dismiss for failure to join an indispensable party, denying plaintiffs' motion to amend their complaint, and denying the other pending motions as moot.

On May 14, 2007, plaintiffs filed their notice of appeal (doc. no. 347), and on August 4, 2008, the United States Court of Appeals for the Third Circuit issued its Opinion and Order reversing the decision of this Court and remanding for further consideration by this Court. (Doc. Nos. 353 and 354). Unbeknownst to this Court, and without previously petitioning this Court for

recusal, plaintiffs apparently petitioned to the Court of Appeals for this Court's removal as the trial judge in this case at that time. The Court of Appeals, citing its first opinion in the *Wecht* case, held that recusal was not warranted. (Doc. No. 354-2 )("Confident that the district judge will properly discharge his judicial responsibilities upon remand, we find no basis for reassignment at this time.")

Nonetheless, after receiving the Mandate from the Court of Appeals for the Third Circuit, and after the reopening of the case on August 4, 2008, this case sat for approximately nine (9) months with no docket activity whatsoever. There were no requests by either side for a status conference, for a revised Case Management Conference, or for any other proposed action by the Court.

Most recently, on May 6, 2009, this Court entered an Order dismissing the case for failure to prosecute. Said Order was entered without prejudice because either party was given thirty (30) days (until June 6, 2009) to file a petition to reopen the case upon good cause shown.

Currently pending before this Court is plaintiffs' motion to reinstate this civil action, for recusal by the Court, and for Other Relief (including setting aside "the Court's previous rulings")[2] (doc. no. 356), a response by defendants opposing such relief (including a declaration) (doc. no. 358), and plaintiff's reply thereto (doc. no. 359). After careful consideration, and for the reasons that follow, this Court will grant said motion, will reopen this case based upon good cause shown, and the Court will grant defendant's motion for recusal.

---

[2]"Therefore, in addition to reinstatement, Plaintiffs ask the Court to recuse itself pursuant to Section 455 based on the appearance of partiality. This matter can then proceed to resolution without any issues that may result from the Court's previous rulings." (Doc. No. 357 at 6).

## III. Applicable Law

Section 455(a) provides that "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Unlike section 144, which requires recusal whenever a timely and legally sufficient affidavit is filed demonstrating that the presiding judge subjectively harbors a personal bias or prejudice against or in favor of a party, 28 U.S.C. § 144, the inquiry under section 455(a) is "whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias." *United States v. Pungiatore*, 2003 WL 22657087, *4 (E.D.Pa 2003), *quoting SEC v. Antar*, 71 F.3d 97, 101 (3d. Cir. 1995). The test is whether a reasonable person, knowing all of the circumstances, would harbor doubts about the judge's impartiality. *In re Kensington Intern. Ltd.*, 353 F. 2d 211, 220 (3d. Cir. 2003); *In re Prudential Ins. Co. of Am. Sales Practice Litig., Agent Actions*, 148 F. 3d. 283, 343 (3d Cir. 1998); *United States v. DiPasquale*, 864 F. 2d 271, 279 (3d Cir. 1988).

The United States District Court for the Eastern District of Pennsylvania delineated the general standards governing a motion for recusal pursuant to section 455(a), as follows:

> Section 455(a) provides that "[a]ny justice judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) deals with recusal, or disqualification, on the basis of the appearance of impropriety, as opposed to actual bias. *See [United States v. Furst*, 886 F.2d 558, 580 (3d Cir. 1989)]. Under Section 455(a), recusal is required when a reasonable person, knowing all of the circumstances, would harbor doubts as to the judge's impartiality. *In re Prudential Ins. Co. of America*, 148 F.3d 283, 343 (3d Cir.1998); *United States v. Antar*, 53 F.3d 568, 574 (3d Cir.1995); *Vespe*, 868 F.2d at 1341. The weight of authority holds that, unlike a Section 144 determination [for actual bias], when deciding a motion for recusal under Section 455(a), the court need not accept the Movant's allegations as true. *See, e.g., Martinez-Catala*, 129 F.3d at 220;

5

> *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir.1986) ("Section 455 does not require the judge to accept allegations by the moving party as true"); *Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1019-20 n. 6 (5th Cir.1981); *see also* 13A Charles A Wright, Arthur R Miller & Edward H. Cooper, Federal Practice and Procedure § 3550 (2d ed. 1984) ("If a party does move [for recusal] under § 455, and the motion is supported by an affidavit . . . , the court is not required to accept the factual statements as true" Instead, the presiding judge may contradict the Movant's factual allegations with facts derived from the judge's knowledge and the record. *See Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 872 F.Supp. 1346, 1349 (E.D.Pa.1994); *see also Martinez- Catala*, 129 F.3d at 220 ("To the extent that facts are in dispute, factual determinations are made by the judge whose recusal is in question").

*Cooney v. Booth*, 262 F.Supp.2d 494, 504-05 (E.D.Pa. 2003).

## IV. Discussion

Subsequent to the prior decision of the Court of Appeals for the Third Circuit denying the motion for recusal in the instant case, stating that there was "no basis for reassignment at this time" (doc. no. 354-2, at 27), the Court of Appeals *sua sponte* recused this Court from the *Wecht* case, stating that the case would benefit from "fresh eyes on the case". *See United States of America v. Wecht,* 541 F.3d 493, 511 (3d Cir. 2008). Respectfully, this Court is of the view that the practice of replacing judges and setting aside the law of the case - - the relief now sought by plaintiffs herein - - is jurisprudentially problematic, because it "incentivizes" the parties to shop for a new judge if they are unhappy with the rulings of the Court and have those rulings revisited by another member of the Court, instead of the Court of Appeals.

It is also the view of this Court that it is the obligation of plaintiffs to prosecute their claims. It is not the duty of the Court to continually urge the parties to proceed, and it is within this Court's discretion to close a case without prejudice, where there has been no action on the docket for 9 months. *See Ringgold v. Lamby*, 565 F.Supp. 2d 549, 551 (D. Del. 2008)(discussing

6

plaintiff's failure to prosecute: "[p]laintiff has a duty to prosecute his case.").

To the extent that plaintiffs argue that judicial rulings made in this case show favoritism or bias, the Court disagrees. As defendants' have pointed out, plaintiffs seem to ignore rulings made which were made in plaintiffs' favor, including numerous motions to dismiss at the beginning of the case; motions for leave to file amended complaint and second amended complaints; and rulings in plaintiffs' favor on appeals of the Special Master's discovery rulings. (Doc. No. 358 at 5-6) . Nevertheless, the Court will grant the pending motion to recuse.

The Court does not undertake its decision to recuse itself lightly and on the record before the Court, the Court does not believe that there is evidence that "[a]ny reasonable person, based upon this Court's rulings to date, might question the Court's impartiality." (Doc. No. 357 at 5). Nonetheless, in light of the protracted history of the proceedings in this case, including continued motions to recuse, and so as to avoid any further waste of judicial resources (including further appeals on the issue of this Court's recusal), and in an abundance of caution, this Court will recuse itself from further proceedings in this case.

For the reasons set forth hereinabove, this Court grants plaintiffs' motion to reinstate this civil action, grants plaintiffs' motion to recuse, grants plaintiffs' motion to withdraw Attorney McNally's appearance, and denies plaintiffs' motion to set aside its prior rulings (Doc. No. 356).

SO ORDERED this 19th day of June, 2009.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record