IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| RONALD L. HUBER; WILLIAM J. AIRGOOD; ANTHONY DeFABBO; JOHN DINIO; ERNEST GISHNOCK; JOHN BIDLENCSIK; HILMA MULLINS and WILLIAM DEEM, individually and on behalf of those similarly situated | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 002-304 |
| ROBERT G. TAYLOR, II; ROBERT G. TAYLOR, P.C.; R.G. TAYLOR II, P.C.; ESTATE OF ROBERT A. PRITCHARD; PRITCHARD LAW FIRM, PLLC; JOSEPH B. COX, JR.; JOSEPH B. COX, JR. LTD; and COX AND COX, LLP | ) ) ) ) ) ) ) ) | Magistrate Judge Lisa Pupo Lenihan |
| Defendants. | ) | |

**OPINION AND MEMORANDUM ORDER ON MOTION TO STRIKE AND DISMISS**

**I. HISTORY AND SCOPE OF CLAIM**

As noted in this Court's January 25, 2010 Opinion:

> this 2002 action involves claims related to Defendants'
> representation of the eight (8) above-named Plaintiffs (the "Named
> Plaintiffs"), and of others similarly situated, in consolidated
> individual personal injury actions for exposure to asbestos, in the
> State Court of Mississippi (the "Mississippi Asbestos Exposure
> Consolidated Litigation" or "Mississippi AECL").

At present, and following many years of discovery and litigation
before several different Judges in this Court, and multiple appeals
to the Court of Appeals for the Third Circuit, the Named Plaintiffs
surviving claims are, at bottom, that in representing them in the
Mississippi AECL, Defendants

(a) breached their fiduciary duties of candor/disclosure and loyalty
under Texas law by (i) covertly allocating settlement funds
disproportionately/inequitably in favor of other asbestos litigation
clients in other states (to maximize the Defendants' revenue from
the cases) and (ii) imposing and receiving excessive expenses; but

(b) caused them no actual harm as they failed to show they would
have achieved a better outcome in the underlying actions but for
counsel's conduct.

See Opinion and Memorandum Order at 1-2.[1] The Third Circuit held that Plaintiffs retained a claim under Texas law, which does not require a showing of actual injury in a claim for breach of fiduciary duty *when the remedy sought is disgorgement of attorneys' fees* rather than damages for actual harm. See Huber I, 469 F.3d at 77. It also held, on further remand, that Texas courts have permitted recovery of punitive damages based on an *intentional* breach of

---

[1] See also Huber I, 469 F.3d at 72-73 (noting the District Court's holding that Plaintiffs had failed to evidence actual harm and, specifically, failed to present evidence from which a reasonable person could conclude that (1) "'but for' defendant attorneys' conduct, [plaintiffs] could or would have received more favorable offers", or (2) "defendants['] alleged non-disclosures proximately caused any plaintiff to accept settlements they would not have otherwise accepted"); Huber II, 532 F.3d at 246 ("To be sure, Plaintiffs ultimately failed to prevail on their [causes of action other than breach of fiduciary duty under Texas law]. They also failed to establish actual harm."); id. at n. 5 ("In our prior opinion, we stated: 'If Plaintiffs must show causation and actual injury, they lose on both parts of their appeal.' Our implicit affirmance of the district court's no-actual –harm finding is the law of the case."); id. ("[R]emand was limited to Plaintiffs' breach of fiduciary duty claims, claims that did not require a showing of actual harm."); April 27, 2007 Memorandum Opinion at 22 (noting that Huber I unanimously "agreed with [the District] Court's finding that plaintiffs could not and had not shown that there were any actual damages that befell them as a result of any of plaintiffs' claims, including the breach of fiduciary duty claims").

fiduciary duty, and Texas case law suggests that Texas may allow an award of punitive damages supported by relief in the form of disgorgement of fees.

As Plaintiff's proposed Third Amended Complaint exceeded, in numerous respects, the law of the case as defined by the Court of Appeals, this Court - in January - permitted a period of further revision and directed Plaintiffs that any further amendments were required to conform to the law of the case. Plaintiffs' Third Amended Complaint was filed on March 15, 2010 and they have failed to comply with the Court's direction. Presently pending is Defendants' Joint Motion to Strike and Dismiss Allegations and Claims.

This Court observes, again, that when one clears away - as one must - the sweeping rhetoric of Plaintiff's Complaints, Plaintiffs maintain, under the express law of the case as set forth by the Court of Appeals, a claim for breach of fiduciary duty under Texas law, by which they may be entitled, despite having incurred no actual injury, to disgorgement of all or some portion of the attorney fees paid by the Named Plaintiffs (or members of their putative class, if such class were to be certified). *This claim* may be made out by sufficient evidence that the Defendants, *e.g.*, failed to adequately disclose their co-counsel arrangements and/or settlement information,[2] allocated settlement funds disproportionately owing to their own fee incentives,[3] and/or imposed excessive expenses. And with evidence sufficient to raise a question of

---

[2] See Huber I, 469 F.3d at 81(explaining that duty of disclosure of co-counsel is a joint obligation, that performance of that duty is a question of fact for the jury, and that examples of disclosure cited in Defendants' brief did not constitute adequate disclosure).

[3] As discussed at length in the January 25, 2010 Opinion and *infra*, this claim continues to appear problematic and the Court will invite consideration on a Motion for Partial Summary Judgment.

intentional breach of fiduciary duty, Plaintiffs might also be entitled to punitive damages under Texas law.

Although the Court regrets Plaintiffs' failure to adhere to the Court's guidance and direction in revising their Third Amended Complaint, and finds significant merit to Defendant's Joint Motion, it concludes that it is - with some exception - not in the interests of judicial efficiency or the resolution of the issues between the parties to again parse through Plaintiff's rhetoric to strike every impertinent or immaterial sentence and phrase.[4]  Rather, those interests will be better served by proceeding to further Motions practice, including Motions for Class Certification and Summary Judgment, in accordance with applicable procedural rules.

**II. ANALYSIS**

**A. Language of the Third Amended Complaint Seeking Disgorgement of Fees Paid by Clients Not Members of the Putative Class; Constructive Trust**

As well-briefed by the Defendants, Plaintiffs continue, despite two (2) express rulings by this Court to the contrary, to assert a claim for relief in the form of disgorgement of *all* fees paid to the Defendants in the Mississippi AECL "regardless of to whom [such] fees are ultimately allocated". See Memorandum of Law In Support at 6-7 (discussing Third Amended Complaint

---

[4] Cf., *e.g.*, Third Amended Complaint (intermingling assertions of falsity/fraud premised on alleged false statements regarding reviewability/location of settlement agreements and confidentiality, and fabrication of expenses; intermingling assertions of Defendant's alleged retaliatory withdrawal from representation subsequent to Plaintiff's initiation of litigation and unspecified breach of Texas Disciplinary Rules; and otherwise asserting "fraud").  Compare, *e.g.*, January 25, 2010 Opinion at n. 1 (noting that summary judgment was granted on Plaintiffs' claim of fraud - amongst others - and not appealed, several years ago).

pargraphs 3, 62 and 63). This they cannot do. Plaintiffs cannot bring a claim for restitutionary relief on behalf of individuals whom they do not represent. See January 25, 2010 Opinion at 23 (citing April 27, 2007 Opinion at 24). Such allegations, as set forth in Paragraphs 3, 62 and 63 of the Third Amended Complaint, are impertinent and immaterial and, accordingly, will be stricken. See, *e.g.*, River Road Devel. Corp. v. Carlson Corp - NE, 1990 WL 679085, *3 (E.D. Pa. May 23, 1990); Witmer v. Arthur J. Gallagher & Co., 2009 WL 2762379, *6 (M.D. Pa. Aug. 31, 2009). As, absent this precluded claim, there is no basis for the creation of a constructive trust, the language of the Third Amended Complaint which requests such trust (*e.g.*, as in ¶¶ 64, 67(e), 83) will be stricken as well.

**B. Language of the Third Amended Complaint Alleging Actual Harm and Entitlement to Accounting of Settlement Funds**

The language of Paragraph 60 ("Defendant misappropriated from their clients' settlement funds tens, perhaps hundreds of millions, of dollars as a result of their fiduciary breaches.") and Paragraph 90 ("Defendant's conduct was intended to, and did, injure Plaintiffs, and the proposed class."), in expressly alleging actual injury/harm, is clearly in contravention of the law of the case and will be stricken. Similarly, the language of Paragraphs 4, 64 and 83 which relate to an allegation of entitlement to an accounting of individual settlement fund allocations to Mississippi AECL clients is impertinent and immaterial under the law of the case and will also be stricken. Cf. Defendant's Joint Memorandum of Law at 9. Other language complained of in the Defendants' Joint Memorandum in Support at pp. 7-10, however, falls less clearly outside

Plaintiffs' remaining claim for a breach of fiduciary duty without actual harm, and will be permitted to remain in the claims.

**C. Language of the Third Amended Complaint Alleging Breach of Fiduciary Duty of Fairness**

This Court's January Opinion expressly held that "to the extent Plaintiffs [sought] to newly challenge the propriety of Defendants' fees, rather than a breach of candor/disclosure of information, . . . leave to incorporate any such language [would] be denied" because (1) it would be a new claim based on actual injury and beyond the scope of the Court of Appeals' remand; (2) it would be clearly futile as the underlying contracts for representation - made between Plaintiffs and their Local Counsel - provided for a forty percent (40%) contingency fee, and Plaintiffs made no allegation that they were assessed more than that 40% or that Defendants imposed or received charges in excess of those agreed upon in the co-counsel contracts; and (3) Plaintiffs' retainer contracts were with their Local Counsel, who are not parties to this action. See Opinion at 21-23.

Yet Plaintiffs' revised Third Amended Complaint now alleges that Defendants breached a fiduciary duty of fairness because the compensation retained by them as a result of their representation was assertedly, in the case of some Plaintiffs, more than the settlement proceeds received by that Plaintiff. See Defendants' Joint Memorandum in Support (discussing Third Amended Complaint ¶¶ 39, 2 (last sentence), 59, 80, 88). Plaintiffs have cited no authority, nor is the Court aware of any, for a proposition that Defendants had a fiduciary duty to refrain either from entering into the relevant representation contracts or from following their contractual

provisions; and an allegation that the representation contracts were unlawful would require joinder of local counsel and should, of course, have been pled in the original complaint.[5] The Court will, however, deny Defendants' request that this claim be struck and invite its further consideration on a Motion for Partial Summary Judgment.[6]

**D. Language of the Third Amended Complaint Alleging Conflicting Fee Incentives**

Plaintiffs' initial theory of the case was that the Northern Clients were the victims of "geographic discrimination" in Defendants' settlement allocations under the Mississippi AECL. As noted in the January 25, 2010 Opinion, the Third Circuit recognized that regional/geographic differences affect personal injury recovery amounts and, accordingly, impact which individuals are truly "similarly situated" for purposes of reasonable personal injury litigation settlement value. Plaintiff's subsequent Proposed Third Amended Complaint alleged that Defendants breached their fiduciary duties and undervalued Northern Clients' claims owing to a conflict of interest because Defendants were entitled to larger fees (*i.e.*, 100% of a 40% contingency rather

---

[5] To the extent Plaintiffs only intend - as asserted in their Memorandum of Law in Opposition at 12 - that this language constitute "an allegation that the distribution of settlement proceeds" was "unfair, and that it is the withholdings for fabricated, excessive expenses . . . that makes it so", *i.e.*, that this is further rhetoric related to their expenses claim, see *infra* Section II(E) (noting that claim for breach of fiduciary duty - without actual harm - regarding excess expenses was permitted to proceed by Court of Appeals).

[6] In deferring consideration of matters raised by Defendants to summary judgment, the Court is cognizant of Defendants' entirely accurate observation that "the parties [have] engaged in extensive merits discovery consisting of the production of tens of thousands of pages of documents and 38 depositions of 33 witnesses." Defendants' Reply Memorandum at 1. Compare Plaintiffs' Response at 6-7 (asserting that Defendants have "blocked" discovery and additional discovery is needed).

than 95-97.5% of a 40% contingency) from the Southern Clients.  This Court's Opinion then observed that this allegation appeared belied by the contractual evidence of record (indicating that fee-sharing arrangements with regard to the Southern Clients entitled individual Defendants to the same or a lesser - rather than greater - percentage fee).  And accordingly, the Court suggested that Plaintiffs address "the factual underpinnings of Defendant's cogent defense in their pleading."  See January 25, 2010 Opinion at 17.

Plaintiff's revised Third Amended Complaint alleges that Defendants Taylor and Pritchard had their "own clients", and that Defendants breached their fiduciary duties owing to conflicting fee incentives as between (a) Defendants' "own" Southern Clients and (b) Northern Clients. Compare Defendant's Joint Memorandum in Support at 11-12 (referring to contractual provisions of record which contradict this theory).  Plaintiffs elected not to address the factual underpinnings.  The Court will deny Defendants' request for dismissal of this claim as it is more appropriately addressed on a Motion for Partial Summary Judgment.

**E. Language of the Third Amended Complaint Regarding Expenses**

As noted in the January 25, 2010 Opinion, the Third Circuit held that Plaintiffs were entitled to proceed on a claim that Defendants breached their fiduciary duty by imposing excessive expenses but caused them no actual harm.  To the extent such information has not been provided, Plaintiffs may be entitled to an individual account of the expenses charged against each of their Mississippi AECL settlement proceeds.

**F. Language of the Third Amended Complaint Regarding Claims for Conspiracy and Aiding and Abetting, Both as to Breach of Fiduciary Duty**

The Court of Appeals held that Plaintiffs claims for breach of fiduciary duty without actual harm, and their related claims for conspiracy to breach fiduciary duty and aiding and abetting such breach, could proceed under Texas law. See January 25, 2010 Opinion at 6-8, 14. Accordingly, Defendants' request for dismissal of these claims will be denied. Considerations of the sufficiency of evidence as to these claims would be more appropriately addressed on a Motion for Partial Summary Judgment.

**G. Language of the Third Amended Complaint Seeking Punitive Damages**

As this Court observed in January, the " pleadings and evidence suggest that Defendants' potential liability may ultimately be limited to a "technical" breach of a fiduciary duty to provide further disclosure (*i.e.*, a breach not originating from any bad purpose - such as conflicting pecuniary interests - or disloyalty, and resulting in no actual harm - such as financial/monetary injury)." Opinion at 24. And while Texas courts have permitted the recovery of punitive damages based on an intentional breach of fiduciary duty, there is some doubt as to whether Texas law would permit an award of punitive damages in the absence of actual injury.

That said, the Court will deny Defendants' request for dismissal of this claim as it is more appropriately addressed on a Motion for Partial Summary Judgment.

**H. Language of the Third Amended Complaint Regarding Class Certification**

As noted in the prior Opinion, the appropriate time to address class certification will be when certification is properly requested and briefed. The Court again notes its impression that qualification of this action for class certification appears problematic given considerations of, *e.g.*, typicality; representation**;** and individual issues related to, *e.g.*, disclosure and reliance**.** See January 25, 2010 Opinion at 12-14, 20 n. 35 (discussing Court's impression of appropriateness of class certification and unavoidably individual issues).

**III. ORDER**

AND NOW, this 20th day of July, 2010, upon review of the pleadings and briefs of record, it is hereby ordered that Defendant's Joint Motion to Strike and Dismiss is granted in part and denied in part as fully set forth herein. More particular, allegations regarding Plaintiffs' entitlement to disgorgement of all fees and a constructive trust are stricken, as are allegations of actual injury/harm and entitlement to an accounting of individual settlement allocations; Defendants' Motion is denied in all other respects. The case will proceed to consideration of class certification and summary judgment. Defendants' Answer to the Third Amended Complaint shall be filed no later than August 3, 2010.

Lisa Pupo Lenihan
United States Magistrate Judge